IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR TRAVILLION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-928 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Caiazza |
| ALLEGHENY COUNTY BUREAU OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Allegheny Correctional Health Services, Inc.("ACHS"), Michael Patterson, "Karen LNU" and "Beth LNU" (Doc. 54) be granted in part and denied in part.

### II. REPORT

The Plaintiff, Jamar Travillion ("Travillion" or "the Plaintiff"), is an inmate confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania. He alleges, *inter alia*, that he was denied medical treatment on several occasions while an inmate at the Allegheny County Jail in July, 2005, and again in July, 2006. Defendants ACHS, which provides medical services at the jail, along with a doctor and two nurses employed by ACHS, have moved to dismiss the Complaint

(Doc. 54). The Plaintiff has responded (Doc. 63), and the Motion is now ready for disposition.

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

1. **Claims Under the Pennsylvania Constitution**.

The moving Defendants first assert that Travillion has no claim for damages under the Pennsylvania Constitution. Travillion concedes, but argues that he may proceed on a claim for declaratory relief. Douris v. Schwieker, 229 F. Supp.2d 391 (E. D. Pa. 2002)(explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have

consistently held that no private cause of action for damages is available under the Pennsylvania Constitution); see also, Sabatini v. Reinstein, No. CIV. A. 99-2393, 1999 WL 636667 (E. D. Pa. Aug.20, 1999). Travillion also recognizes in his response that any claim under the Pennsylvania Constitution for declaratory relief would be "coextensive" with the relief he requests under the United States Constitution. The court concurs and the Motion to Dismiss should be granted with respect to the Plaintiff's claims under the Pennsylvania Constitution, since any relief to which he may be entitled will be available through his Section 1983 claims.

2. **Section 1983 Claim for Deliberate Indifference**.

Defendants also seek to dismiss Travillion's claims of deliberate indifference to his serious medical needs. They argue that in his pleadings the Plaintiff alleged he was actually seen by medical personnel and that he was offered treatment.

Travillion's claims are premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as

protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to a serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." Here, Travillion alleges that he was assaulted on July 3, 2005, and he was treated at Mercy Hospital (Doc. 63, ¶21)[1]. Upon his return to the jail, he alleges that his complaints of "severe head pain" were not treated -save for one "perfunctory" visit to the medical clinic in August, 2005 (Id., ¶¶ 22-23). Travillion alleges that he was kept in solitary confinement at the jail from July 3, 2005, through September 29, 2005, and suffered "vomiting episodes, debilitating headaches, dizzy spells, [blurred] vision and ringing of the ears" and that he was denied medical attention for these ailments (Id.). Travillion also alleges that he was again assaulted in July, 2006, and that "Nurse Karen" refused to examine him when he was transported to the jail in a wheelchair. He claims that he was continually refused treatment -other than a single dose of Motrin- for "obvious" injuries (Id., ¶¶36-40). Travillion clearly has alleged a serious medical condition.

Even where there is a serious medical condition -as has been alleged here- a prisoner must also allege facts which would

---

[1] Citations are to paragraphs in Travillion's Response to the Motion to Dismiss (Doc. 63) which provides a helpful summarization of the claims made in the lengthy Complaint filed by Travillion.

permit a jury to conclude that the defendant prison officials *subjectively* acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). The Supreme Court has stated that "in the medical context, an inadvertent failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106. And while an intentional refusal to provide *any* medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable, the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

With the relevant law as a backdrop -and accepting as true the facts set out in his Complaint- the court finds that Travillion has alleged that the Defendants intentionally refused to treat his injuries on several occasions. This is not, as the Defendants suggest, a factual situation where there are allegations amounting to no more than a disagreement by the prisoner with the treatment he was provided. Accepting as true the allegations in the Complaint -as the court must- Travillion has raised the right to relief "above the speculative level."

Twombly, supra. Hence, the deliberate indifference claims should survive the Motion to Dismiss.

3.  **State Law Tort Claims**.

The Defendants move to dismiss any state law claims raised against them on the basis that Pennsylvania provides immunity from suit for officials and employees acting within the scope of their employment. See the Pennsylvania Political Subdivision Tort Claims Act (PSTCA), 42 Pa. Cons. Stat. Ann. §§ 8501, 8522. "In order to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa. Cons. Stat. § 8522, [plaintiffs] must meet two distinct requirements: (1) they must show that they possess a common law or statutory cause of action against a Commonwealth party; and (2) they must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b)." Pennsylvania Turnpike Commission v. Nationwide Trucking Services, Inc., 319 F. Supp.2d 569, 579 (W. D. Pa. 2004)(internal citation omitted). These exceptions are limited in scope, and must be strictly construed. White by Pearsall v. School Dist. of Phila., 553 Pa. 214, 718 A.2d 778, 779 (1998).

Travillion agrees that ACHS is entitled to have the state law tort claims against it dismissed. Further, it is clear that any claims for medical malpractice against the individual Defendants must also be dismissed because they do not fall within any of the exceptions set out in Section 8522. Travillion

asserts, however, that he has also alleged "willful misconduct" on the part of the individual Defendants in denying him treatment, and that this claim prevents the Court from dismissing state law tort claims against the individual Defendants.

There is a "willful misconduct" exception to the PSTCA, which abrogates immunity when public employees cause an injury through a crime, actual fraud, actual malice, or willful misconduct. 42 Pa. Cons. Stat. § 8550. The Court of Appeals for the Third Circuit has endorsed a definition of "willful misconduct" that requires "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." Bright v. Westmoreland County, 443 F.3d 276, 287 (3d Cir.2006)(quoting Robbins v. Cumberland County Children & Youth Services, 802 A.2d 1239, 1253-54 (Pa. Commw. Ct.2002)). The Third Circuit Court has made clear that willful misconduct lies beyond recklessness, deliberate indifference, and the knowing disregard of risks; instead, willful misconduct requires "specific intent." Id. That said, Travillion has alleged here that the individual Defendants acted with malice in denying him medical care. In light of these allegations, the Court cannot find as a matter of law that the Plaintiff is not entitled to invoke the "willful misconduct" exception to the PSTCA. Consequently, the Motion to Dismiss should be denied with respect to the willful misconduct state law claims alleged against the individual Defendants.

## CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendants ACHS, Michael Patterson, "Karen LNU" and "Beth LNU" (Doc. 54) be granted in part and denied in part as set out specifically in this Report.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 23, 2008.

June 5, 2008

Francis X. Caiazza
United States Magistrate Judge

cc:

JAMAR L. TRAVILLION
GS0389
SCI Rockview
Box A
Bellefonte, PA 16823