IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR TRAVILLION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-928 |
| ) | |
| v. ) | Judge Cercone |
| ) | Magistrate Judge Caiazza |
| ALLEGHENY COUNTY BUREAU OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant Keefe Commissary Network ("Keefe") (Doc. 71) be granted.

### II. REPORT

The Plaintiff, Jamar Travillion ("Travillion" or "the Plaintiff"), is an inmate confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania. He alleges with respect to Defendant Keefe that he was charged "exorbitant" prices for commissary items while he was an inmate at the Allegheny County Jail at different times during 2005 and 2006. Defendant Keefe, which provides commissary services at the jail, has moved to dismiss the Complaint (Doc. 71). The Plaintiff was directed to respond by March 3, 2008, (Doc. 73) and was granted an extension of time to respond until April 2, 2008

(Text-only entry dated February 27, 2008). When no response was filed, Travillion was directed to respond on or before April 25, 2008, or the Motion would be granted as being unopposed (Text-only entry dated April 11, 2008). No response has been filed to date.

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Inmates have no federal constitutional right to be able to purchase items from a commissary. See, e.g., Bagwell v. Brewington-Carr, No. 97-714-GMS, 2000 WL 1239960, at *3 (D.Del. Aug. 25, 2000), aff'd, 32 Fed.Appx. 31 (3rd Cir. 2002); Acree v.

Peterson, No. 99-1085-KI, 2000 WL 1141587, at *7 (D.Or. Aug. 1, 2000)("Plaintiff has no protected property interest to purchase commissary items."). Accordingly, the Plaintiff has no federal constitutional right to purchase items from the Jail commissary at any particular price or to have the vendor restrained from charging even exorbitant prices. See, e.g., French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980), cert. denied, 446 U.S. 942 (1980); Rodriquez v. Swanson Services Corp., No. 01-117-P-C, 2001 WL 506871, at *1 (D. Me. May 11, 2001); Bennett v. Sheahan, No 99-C-2270, 1999 WL 967534, at *4 (N.D. Ill. Oct. 5, 1999)("Commissary prices implicate no constitutional rights."). Hence, Travillion's civil rights claim should be dismissed[1].

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 23, 2008.

June 5, 2008

        *Francis X. Caiazza* (signature)
Francis X. Caiazza
United States Magistrate Judge

---

[1] The Plaintiff also mentions "Anti-Trust laws" and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961, et seq., but makes no allegations sufficient to state claims under these laws. Hence, the Motion to Dismiss should be granted as to these claims as well.

cc:

JAMAR L. TRAVILLION
GS0389
SCI Rockview
Box A
Bellefonte, PA 16823