# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR TRAVILLION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-928 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| ALLEGHENY COUNTY BUREAU OF CORRECTIONS, *et al.,* | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Judgment on the Pleadings filed by Defendant Aramark Correctional Services, Inc. ("Aramark") (Doc. 81) be treated as a motion for summary judgment, and that it be granted.

### II. REPORT

Plaintiff, Jamar Travillion ("Travillion" or "Plaintiff"), is an inmate confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania. He alleges various constitutional violations that purportedly occurred while he was incarcerated at the Allegheny County Jail. Specifically with respect to movant Aramark, which provides food service for the inmates at the Jail, Plaintiff alleges that he was denied nutritionally sufficient meals, and that meals were served cold and in unsanitary conditions.

Defendant Aramark filed a Motion for Judgment on the Pleadings, to which it has attached the affidavits of Cynthia Carey, a registered dietician and Aramark employee, and

Matthew Piro, Aramark's former food service manager at the Jail during the time frame of Plaintiff's Complaint (Docs. 81-5 and 81-6). Ms. Carey developed the menus for inmates at the Allegheny County and she has provided a sworn affidavit that the menus, which she has attached as exhibits, each provide 2900 calories per day per inmate, and that they meet all applicable guidelines, including "the current that Recommended Daily Allowances (RDA) and Dietary Reference Intakes (DRA) for males and females 19 to 50 years as established by the Food and Nutrition Board of the Institute of Medicine, National Academy of Sciences." (Doc. 85, ¶4). Mr. Piro attests that the Jail served meals in accordance with Ms. Carey's menus, and that the Jail complied with all applicable health standards. (Doc. 86, ¶¶ 5-6).

Travillion was directed to respond to Aramark's motion on or before August 4, 2008 (Doc. 82). He requested an extension of time (Doc. 90) and was granted until September 5, 2008, to respond. No response has been filed.

### A. Legal Standard

The standard applied to a motion for judgment on the pleadings is similar to that applied to a motion to dismiss, and requires the court to view the allegations of the complaint in the light most favorable to the plaintiff. DeBraun v. Meissner, 958 F.Supp. 227, 229 (E.D.Pa. 1997); Smith v. School District of Philadelphia, 112 F.Supp.2d 417, 423 (E.D.Pa. 2000). Here, however, Aramark relies upon evidence outside of the pleadings, i.e., the Carey and Piro affidavits. Accordingly, the motion will be treated as a motion for summary judgment, consistent with Federal Rule of Civil Procedure 12(d). Plaintiff had ample opportunity to respond to the motion with exhibits or affidavits properly considered in addressing summary judgment.[1]

---

[1] If, however, Plaintiff has exhibits he wishes to present in opposition to Aramark's motion, he may do so along with his objections to this Report and Recommendation.

Under Federal Rule of Civil Procedure. 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Plaintiff's claim is premised upon the Eighth Amendment, which provides that "cruel and unusual punishments [shall not be] inflicted."[2] The Supreme Court has explained that an analysis of a violation of the Eighth Amendment involves a two-pronged inquiry: 1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and 2) a "subjective inquiry" into the mind of the person inflicting the harm. See Wilson v. Seiter, 501 U.S. 294 (1991). In analyzing the objective component, the "Third Circuit has described the inquiry as whether the prisoner has been deprived of the 'minimal civilized

---

[2] The Eighth Amendment applies to convicted prisoners, while the Fourteenth Amendment applies to pre-trial detainees. Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997). However, the standards for proscribing inhumane treatment of pre-trial detainees under the Fourteenth Amendment and for proscribing cruel and unusual punishment under the Eighth Amendment are the same. Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987).

measure of life's necessities.'"  Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in, Ghana v. Holland, 226 F.3d 175 (3rd Cir. 2000). Proving that one has been deprived of the minimal civilized measure of life's necessities requires proof that one has been denied "basic human needs, such as food . . ...."  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  And, while inmates have a right to a nutritionally adequate diet, Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990), they have no constitutional right to be served a particular type of meal.  Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir.1990).

**B. Analysis**

The affidavits of Ms. Carey and Mr. Piro completely refute Plaintiff's claims against Aramark, which are premised upon the factual assertions that the food served was nutritionally inadequate, and that it was served in unsanitary conditions.  None of the exhibits attached to the Complaint even mention the food service at the Jail.  Further, given the opportunity to support his claim, Plaintiff has failed even to respond to the motion, and certainly has not presented any evidence that he was denied the "basic human need" of adequate food.  The motion for judgment on the pleadings should be interpreted as a motion for summary judgment, and should be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 16, 2009.

Dated: February 25, 2009                     s/Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States Magistrate Judge

cc:
JAMAR L. TRAVILLION, GS0389
SCI Rockview
Box A
Bellefonte, PA 16823