IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR TRAVILLION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-928 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| ALLEGHENY COUNTY BUREAU OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by the Allegheny County Defendants[1] (Doc. 87) be denied.

### **II. REPORT**

Plaintiff, Jamar Travillion ("Travillion" or "Plaintiff"), is an inmate confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania. Travillion alleges that he was assaulted on July 2, 2005, while incarcerated at the Allegheny County Jail, and that this was done in retaliation for lawsuits he previously filed against the Jail and Jail personnel. Travillion also asserts numerous other claims of improper treatment that purportedly occurred on dates subsequent to July 2, 2005, extending into 2006. He asserts claims under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, various articles of

---

[1] Defendants Henna, Louis Leon, Cestra, Demore, Igims, Kovacs, Deisher, Debrowski, Jialanella, Bednarick, Greenawalt, Parkenson, Corrado, Patterson, Flood, Maust, Dan Onorato and Allegheny County Bureau of Corrections will be referred to collectively as the "Allegheny County Defendants."

the Pennsylvania Constitution, and common law claims for assault and battery, medical malpractice and the intentional infliction of emotional distress.  Travillion also purports to make an "Antitrust" claim and a claim premised upon the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961, et seq.

The Allegheny County Defendants have filed a Motion for Summary Judgment (Doc. 87) in which they assert that Travillion has failed to "allege or prove" any of the elements of an excessive force claim, and that he has failed to identify any other cause of action.  Finally, the Allegheny County Defendants argue that Travillion's claims already have been adjudicated at Civil Actions 04-911, 04-912 and 05-1334, and are barred by the doctrine of *res judicata*.  A brief has been filed in support of the motion, arguing only that the claim of excessive force stemming from the July 2, 2005 incident was already litigated in the prior lawsuits (Doc. 96).  It is asserted that Travillion has presented "essentially the same recitation of his alleged version of events of July 2, 2005" which has been fully adjudicated at Civil Actions 04-911, 04-912 and 05-1334.

Travillion responded to the motion (Doc. 97) and asserts that the claims litigated at 04-911 and 04-912 dealt with incidents occurring in February, 2004, and not with any claim premised upon the events of July 2, 2005, or thereafter.  Additionally, Travillion, in his brief (Doc. 98, p. 2) has narrowed the case by withdrawing his claims under the Pennsylvania Constitution, the Fifth Amendment to the United States Constitution, as well as his "Antitrust" and RICO claims.  Plaintiff also offers that his First Amendment claim is one of retaliation for the exercise of protected rights, and that his Fourth Amendment claim is premised upon the wrongful deprivation of property or conversion.

As for the motion filed by the Allegheny County Defendants, the Court is not obligated to address arguments that have not been briefed. The only argument advanced by the Allegheny County Defendants in their brief is that Plaintiff's claims are barred by *res judicata*. The three requirements for federal *res judicata* are: (1) a final judgment on the merits; (2) claims involving the same parties or their privies, and; (3) a suit based on the same cause of action. <u>Brody v. Hankin</u>, 299 F.Supp.2d 454, 461 (E.D.Pa.2004).

The unamended complaints at Civil Actions 04-911 and 04-912 were filed long before July 2, 2005, and could, quite obviously, only contain claims about the matters that are alleged to have occurred prior to that date. In fact, the complaint at Civil Action 04-911 contained claims against the corporation that provides food services at the Jail, but did not state any claims against the Jail or against individual Jail employees. And, while Civil Action 04-912 did involve allegations of an assault by Defendant Leon, the assault in that case was alleged to have occurred in February, 2004. Finally, Civil Action 05-1334 -- a purported class action in which Plaintiff was a named class member -- does not contain a claim of assault. Further, that complaint was dismissed "without prejudice" to the rights of the named plaintiffs to "file individual complaints." (Civil Action No. 05-1334, Doc. 4). Therefore, no final adjudication of any claim was made in that case.

In short, the sole argument in support of summary judgment that has properly been presented to the Court is clearly defeated by reference to the prior cases filed by Plaintiff. The doctrine of *res judicata* is not a bar to consideration of Plaintiff's claims and the motion for summary judgment should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 16, 2009.

Dated: February 25, 2009

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
JAMAR L. TRAVILLION, GS0389
SCI Rockview
Box A
Bellefonte, PA 16823