# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR TRAVILLION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-928 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| ALLEGHENY COUNTY BUREAU OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Jamar Travillion is an inmate confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania. Plaintiff alleges that he was assaulted on July 2, 2005, while incarcerated at the Allegheny County Jail, and that this was done in retaliation for lawsuits he previously filed against the Jail and Jail personnel. Plaintiff also alleges that he was denied medical treatment on numerous occasions after the July 2, 2005, incident, and continuing into the month of August, 2005. Plaintiff's Motion to Compel (Doc. 102) directed to Defendants Allegheny Correctional Health Services, Inc, FNU Patterson, Beth Ann LNU, and Karen LNU seeks further responses to his Document Requests 1-14. Defendants, alleged to have denied Plaintiff medical treatment, have responded to the Motion (Doc. 103).

Requests 1-3 vaguely and broadly seek all "documents . . . medical records . . . [and] communications concerning Mr. Travillion." (Doc. 102, Ex. 1, pp. 8-9). Defendants respond that the only records they maintain are medical records, and these have been provided to Plaintiff for the calendar year 2005. Plaintiff objects and seeks his medical records for the years 1999-2006. Plaintiff fails to explain how these records are relevant to the claim that he was denied medical

treatment in July and August, 2005. The documents produced are sufficient for purposes of Request 1-3.

Similarly, Defendants assert that the only documents that fit Requests 4 and 5, seeking all documents and communications "concerning the incidents set forth in the Complaint," are medical records. The Court has already addressed the sufficiency of Defendants' production of medical records. With respect to documents other than medical records, Defendants have no duty to produce documents they do not possess.

Requests 6-9 seek employment agreements, policies, training records and employment records for Allegheny County Health Services, Inc., and its employees named as Defendants (Doc. 102, Ex. 1, p. 8). Defendants object to these requests on the basis that the documents are not relevant to Plaintiff's claim that he was denied medical treatment. Plaintiff asserts generally that the documents he seeks are relevant to his case, but he does not offer any specifics in this regard. The Court agrees with Defendants that training and employment records have no apparent relevance to Plaintiff's claims. Defendants additionally object that releasing personnel files of employees who are in daily contact with prisoners is a potential security threat. Again the Court agrees and denies the Motion to Compel personnel records on this basis as well.

Request 10 seeks all documents Defendants possess concerning any other prisoner cases in which they have been sued. Once again, Plaintiff has made no specific argument concerning the possible relevancy of these documents. The Motion is denied in this respect.

Plaintiff asks for all disciplinary records for the named Defendants in Request 11. Defendants respond they have no such documents. Again, Defendants have no duty to produce documents they do not possess.

In Request 12, Plaintiff seeks "books, handbooks, guidebooks, desk references, policies and procedure manuals or other directives as well as ethical and professional standards of care" applicable to the Defendants' job duties. Defendants assert that these documents are irrelevant. The Court disagrees. A medical desk reference or handbook may be relevant to the issue of whether Plaintiff was suffering from a serious medical need, and whether Defendants should have been able to discern the need for medical treatment. Defendants shall identify any written materials they relied upon in treating (or deciding not to treat) Plaintiff's complaints. Defendants, however, have no duty to produce medical reference texts which should be available to Plaintiff through the prison library.

Finally, in Requests 13 and 14, Plaintiff seeks all "copies" of responses and drafts of responses to Request 12. Plaintiff has been given the response to Request 12, and he is not entitled to discover any preliminary drafts of that response, which are attorney work product.

AND NOW, this 22nd day of May, 2009,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel directed to Defendants Allegheny Correctional Health Services, Inc, FNU Patterson, Beth Ann LNU, and Karen LNU (Doc. 102) is GRANTED IN PART AND DENIED IN PART as set forth more fully above.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
JAMAR L. TRAVILLION, GS0389
SCI Rockview
Box A
Bellefonte, PA 16823