IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR TRAVILLION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>ALLEGHENY COUNTY BUREAU OF )<br>CORRECTIONS, et al., )<br>)<br>Defendants. ) | 2:07cv928<br>Electronic Filing<br>Judge David S. Cercone<br>Magistrate Judge Bissoon |

## MEMORANDUM ORDER

AND NOW, this 15th day of March, 2010, after de novo review of the record and upon due consideration of [186] the magistrate judge's report and recommendation filed on January 21, 2010, and [188] plaintiff's objections thereto, IT IS ORDERED that plaintiff's objections are overruled and [144] plaintiff's motion for summary judgment be, and the same hereby is, denied. The report and recommendation as augmented below is adopted as the opinion of the court.

Plaintiff's objections are unavailing. As noted in the Report and Recommendation, defendants have filed an answer to plaintiff's complaint. (Doc. 167). It follows that plaintiff's argument that defendants' "failure to deny" entitles him to summary judgment is now moot. (See Doc. 145 at p. 5).

Plaintiff next contends that even though defendants have answered his complaint, summary judgment is appropriate because there are no genuine issues of material fact in dispute. This argument cannot pass muster.

Here, plaintiff is moving for summary judgment on his excessive force claims. "Where the party moving for summary judgment is the plaintiff, or the party who bears the burden of proof at trial, the standard is more stringent." National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). As the United States Court of Appeals for the Third Circuit has explained: "where the movant bears the burden of proof at trial and the motion does not establish

the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Id. (citing Resolution Trust Corp. v. Gill, 960 F.2d 336, 340 (3d Cir. 1992)).

Applying these principles, the fact that defendants did not present refuting evidence is not dispositive.  Throughout the course of his submissions, plaintiff consistently relies on the principle that "defendants, as non-moving party, are required to do more than demonstrate some metaphysical doubt as to the material fact of a properly supported summary judgement motion to defeat it" from a patent case subsequently overturned by the Federal Circuit. See Medrad, Inc. v. Tyco Healthcare Group LP, 391 F. Supp. 2d 374 (W.D. Pa. 2005) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (U.S. 1986)), rev'd, 466 F.3d 1047 (Fed. Cir. 2006)).  This quotation is taken out of context.  The court in Matsushita held that only after the "moving party has carried its burden under  Rule 56(c)" must the non-moving party come forward and demonstrate that the record contains no genuine issues of material fact.  Matsushita, 475 U.S. at 586.

 Genuine issues of material fact abound in the instant case. Plaintiff essentially claims that he was assaulted by defendants.  The only evidence plaintiff offers to support this claim is his own affidavit.  Clearly, this affidavit alone fails to establish the absence of genuine factual issues.

The in determining whether excessive force was used in the prison environment, the thrust of the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Smith v. Mensinger, 293 F.3d 641, 647-50 (3d Cir. 2002) (quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)).  A reasonable trier of fact may well reject plaintiff's rendition of the event and conclude based on the setting and circumstances underlying plaintiff's claims that defendants did not use excessive force because any force was applied in good-faith for a legitimate purpose.  Accordingly, genuine issues of material fact remain and plaintiff's motion for summary judgement must be denied in any event.

Plaintiff's remaining objections merely incorporate the arguments set forth in his motion

for summary judgment, all of which are adequately addressed in the report and recommendation as augmented by the foregoing analysis. Accordingly, the above order is appropriate.


                                                 s/ David Stewart Cercone
                                                 David Stewart Cercone
                                                 United States District Judge


cc:      Counsel of Record

           Jamar L. Travillion, GS0389
           SCI Rockview
           Box A
           Bellefonte, PA 16823