**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMAR TRAVILLION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-928 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| ALLEGHENY COUNTY BUREAU OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by the Medical Defendants[1] (Doc. 149) be granted, and that the Motion for Summary Judgment filed by the Allegheny County Defendants[2] (Doc. 170) be denied. It is further recommended that Plaintiff's Motion Pursuant to Rule 56(f) (Doc. 176) and his cross-motion for summary judgment (Doc. 176) be denied.

### II. REPORT

Plaintiff Jamar Travillion is an inmate confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania. Travillion alleges that he was assaulted on July 2, 2005, while incarcerated at the Allegheny County Jail ("Jail"), and that this was done in retaliation for lawsuits he previously filed against the Jail and Jail personnel. Travillion also asserts that he was denied necessary medical treatment following this assault. Another assault is

---

[1] Defendants Allegheny Correctional Health Services, Inc., FNU Patterson, Bethann LNU and Karen LNU will be collectively referred to as the "Medical Defendants."

[2] Defendants Allegheny County Bureau of Corrections, Onorato, Rustin, Reese, Pofi, Flood, Maust, Henna, Louis Leon, Cestra, Demore, Igims, Pfeifer, Kovacs, Rapneth, Deisher, Youker, Debrowski, Jialanella, Yannotti, Bednarick, Greenawalt, Parkenson, Corrado and Crossey will be referred to collectively as the "Allegheny County Defendants."

alleged to have occurred on July 17, 2006. Again, Plaintiff alleges that he was denied medical treatment following this assault. Plaintiff raises claims under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and he makes state common law claims for assault and battery, conversion, medical malpractice and the intentional infliction of emotional distress.

Defendants have moved for summary judgment (Docs. 149, 170), and Plaintiff has responded to those motions (Docs. 173-175, 191-193). Plaintiff has also filed a motion pursuant to Rule of Civil Procedure 56(f) asserting that he is unable to respond to summary judgment without additional discovery (Doc. 176). Plaintiff, in the same document, also seeks summary judgment against Defendants (Doc. 176). All of the motions are ripe.

### A. <u>Legal Standard</u>

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*." Fed. Rule Civ. Proc. 56(e) (emphasis added). If the non-moving party cannot so demonstrate the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence, viewed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u>, at 251-52.

## B. Underlying facts

Plaintiff was a pre-trial detainee at the Allegheny County Jail on July 3, 2005, when he asserts that he was assaulted by several guards. Plaintiff was seen by a nurse employed by Allegheny Correctional Health Service, Inc., at 4:00 p.m. (Doc. 150-1, p. 55). The nurse noted that Plaintiff was in an "altercation" some 20 minutes prior to being seen, and that he complained of pain in his head and ribs (Id.). The nurse recommended that Plaintiff be sent to Mercy Hospital to rule out a possible broken rib and/or a concussion (Id.). Plaintiff was admitted to the emergency room at Mercy Hospital at 6:00 p.m. that same date, and records reflect that x-rays of his ribs and wrist were negative, and that CT scans of his head and abdomen were also negative (Doc. 3-1, pp. 23-24). Plaintiff was discharged from the emergency room with diagnoses of "scalp contusion with concussion, left chest wall contusion, right wrist contusion" (Id.). Plaintiff was instructed to take either acetaminophen or ibuprofen, and to use ice packs for his contusions (Doc. 150-1, pp. 57-59). Plaintiff was, in fact, provided ibuprofen for months following his return to prison, and his symptoms ultimately resolved.

The next incident occurred on July 17, 2006. Plaintiff had been transferred out of the Jail and into state custody, but was returned to the Jail for a sentencing proceeding. Plaintiff alleges that he was again assaulted by Jail guards, and that he was denied medical treatment following the assault which, he alleges, left him with cuts in several places and swelling on his face and head. The medical records reflect that Plaintiff was seen by a nurse at 1:00 a.m. on July 18, 2006 (Doc. 97-9, p. 1). Plaintiff, who had a criminal sentencing hearing the next morning, claimed he could not walk or breathe. The examining nurse noted two small abrasions on Plaintiff's leg, and a lump on the side of his head, but also noted a normal pulse, respiration and temperature (Id.). Plaintiff was given ibuprofen and told to see Dr. Patterson in the morning. Dr. Patterson

examined Plaintiff at 9:15 a.m., and he found that Plaintiff had two "superficial" abrasions and bruises, and stated that there was no reason why Plaintiff could not attend his sentencing hearing (Doc. 97-9, pp. 1-2).

**C. Analysis**

**1. Medical Defendants' Motion (Doc. 149)**

The Medical Defendants move for summary judgment with respect to Plaintiff's claims that they were deliberately indifferent to his medical condition. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. Notably, even where there is a serious medical condition, a prisoner also must present facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. An **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992) (superceded by statute on other grounds). The requisite state of mind may be established by circumstantial evidence. Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (at the summary judgment stage, "subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk.").

However, where medical treatment is offered, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not

amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("there may . . . be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under Section 1983); Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D. Ind. 1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome . . . .") (internal citations omitted).

The medical records from Mercy Hospital establish that Plaintiff did, in fact, have a serious medical condition on July 3, 2005. However, the medical records (and Plaintiff's own recitation of events) establish that he was provided immediate medical attention for his injuries. The nurse on duty examined Plaintiff within minutes of the altercation, and she referred Plaintiff to a local emergency room where X-rays and CT scans were performed. Further, the treatment Plaintiff received at the Jail following his return from the hospital (ibuprofen and monitoring) conformed to the specific recommendations made by the emergency room physicians. Plaintiff's complaint, therefore, is not that he did not receive medical care. Defendants are correct in characterizing Plaintiff's position as a mere disagreement with the care he received, i.e., he believes he should have received a more potent pain reliever than ibuprofen. This is insufficient to make out a claim of deliberate indifference. White, supra; Young, supra.

Plaintiff's claims concerning the treatment he received after the July 17, 2006, altercation fail for similar reasons. The first question to be addressed is whether Plaintiff has presented evidence that he suffered from a serious medical condition. Recently the Court of Appeals for the Third Circuit noted that a "serious" medical condition is one "such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." Tsakonas v.

Cicchi, 308 Fed.Appx. 628, 632 (3d Cir. 2009), quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). A denial of medical treatment violates the Eighth Amendment only when it results in "an unnecessary and wanton infliction of pain" or is "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105-106. "[T]o state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105. The refusal to dispense "bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not by its refusal violate the Constitution." Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996).

Plaintiff alleges that he was beaten and kicked by guards on July 17, 2006. Plaintiff was seen by a nurse at 1:00 a.m. on July 18, 2006, and was examined. He had a lump on the side of his head and two scrapes, but otherwise had no signs of distress. The nurse provided ibuprofen and scheduled Plaintiff to be seen by a doctor the following morning. Plaintiff was examined by Dr. Patterson eight (8) hours later and made complaints of incapacitation entirely inconsistent with objectively observable injury. Plaintiff's scrapes and bruise admittedly healed within a short time, and no medical treatment other than over-the-counter pain relief was necessary. Plaintiff, therefore, has not presented reliable facts from which a jury could find that he suffered from a serious medical condition.

Moreover, even if Plaintiff's condition was "serious" for purposes of the Eighth Amendment, he has failed to present evidence from which a jury could infer the requisite culpable state of mind. Providing ibuprofen to a prisoner who presents with minor scrapes and bruises is not evidence of deliberate indifference.

The Medical Defendants also seek summary judgment with respect to the state law professional negligence claims pled against them because Plaintiff failed to file a certificate of

merit as required under Pennsylvania law. Pennsylvania law requires that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" a certificate of merit must be filed within sixty days after the complaint is filed. Pa. R.C.P., Rule 1042.3; Rodriguez v. Smith, 2005 WL 1484591 (E. D.Pa., June 21, 2005) (agreeing with other district courts "that [Pennsylvania Rule of Civil Procedure 1042.3] should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64 . . . (1938), and its progeny," dismissing a *pro se* prisoner's medical malpractice claim for failure to submit the required certificate). Plaintiff has not filed the required certificate, and the Medical Defendants are entitled to summary judgment on his state law claims.

The Medical Defendants are entitled summary judgment with respect to Plaintiff's state law claims for the additional reason that those claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541. The Act provides that a local agency is not liable for any damages for personal injury caused by an act of the local agency or an employee thereof unless the injury falls into one of the following exceptions: vehicle liability; care, custody, or control of personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; sidewalks; and care, custody, or control of animals. Id. § 8542(b)(1)-(8). Employees of local agencies are entitled to the same immunity from suit for actions taken within the scope of their employment. Id., § 8545. Plaintiff's claims do not fit within any of the enumerated exceptions, and his state law claims are barred.

### 2. Plaintiff's motions

Plaintiff has filed a motion asserting that he is entitled to additional discovery if the Court finds that he has named the wrong nurse as a Defendant (Doc. 176). The Court's ruling, however, need not reach the issue of the identity of the nurse who treated Plaintiff. Instead, the

Medical Defendants are entitled to summary judgment because the facts establish that the medical personnel who treated Plaintiff -- whoever they are -- were not deliberately indifferent to a serious medical condition. Thus, this motion should be denied.

Plaintiff also seeks summary judgment against the Medical Defendants (Doc. 176) on the basis that they did not file an answer and, in his view, have admitted his claims. The Medical Defendants were permitted to file an answer out of time and did so (Doc. 185). Plaintiff's motion should be denied.

### 3. Allegheny County Defendants' Motion

The Allegheny Count Defendants filed a Motion for Summary Judgment (Doc. 170) that is not accompanied by a brief, misstates the applicable statute of limitations, also mistakenly asserts that an alleged assault occurred on June 2, 2005, rather than July 2, 2005, and fails to recognize that Plaintiff is entitled to the benefit of the mailbox rule, making June 26, 2007, the relevant date for computing the statute of limitations. In short, the motion (to the extent it can properly be characterized as such) should be denied.

## III. CONCLUSION

It is respectfully recommended that the Motion for Summary Judgment filed by the Medical Defendants (Doc. 149) be granted, and that the Motion for Summary Judgment filed by the Allegheny County Defendants (Doc. 170) be denied. It is further recommended that Plaintiff's Motion Pursuant to Rule 56(f) (Doc. 176) and his cross-motion for summary judgment (Doc. 176) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation

are due by June 11, 2010.  Failure to timely file objections may constitute a waiver of any

appellate rights.


Dated: May 28, 2010                              s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States Magistrate Judge


cc:
JAMAR L. TRAVILLION, GS0389
SCI Rockview
Box A
Bellefonte, PA 16823